{¶ 43} I concur with the judgment of the majority on all issues except the first and second assignments of error in which I concur in judgment only. I would analyze assignments of error number one and two under Evid.R. 611 and not Evid.R. 607.
 {¶ 44} In this case, the court declared the witness to be hostile and allowed the state to use the witness's written statement. While the end result was correct, in actuality the witness was "adverse" and not a traditional "hostile" witness. In either event, the prosecutor was permitted to ask leading questions. Under these facts, while it appears the state believed it was attempting to impeach the witness, in reality the state was attempting to develop the witness's testimony consistent with his earlier statement. Therefore, the proper reasoning requires analysis under Evid.R. 611(C).
 {¶ 45} Evid.R. 611(C) states in pertinent part, "* * * When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions." This rule gives the court discretion to allow counsel to proceed with leading questions. In effect, the direct examination becomes a cross-examination by leading questions.
 {¶ 46} As we stated in State v. Darkenwald (May 27, 2004), Cuyahoga App. No. 83440: "Traditionally, a `hostile witness' is one who surprises the calling party at trial by turning against him while testifying. The traditional `hostile witness' is addressed under Evid.R. 607. An `adverse witness' is one who identifies with the opposing party because of a relationship or a common interest in the outcome of the litigation. Many times, the terms `hostile' and `adverse' are used interchangeably without drawing a clear distinction between the meaning of the terms." The distinction, however, in the instant case is clear.
 {¶ 47} In this case, the witness repeatedly stated that he did not want to testify and that he did not recall what was in his written statement. He even went so far as to say he could not read, which he later recanted. The court then declared the witness to be hostile and allowed the prosecutor to ask leading questions. Because the state sought to develop his testimony through leading questions, the cross-examination was proper under Evid.R. 611(C), not Evid.R. 607.
 {¶ 48} Again as we outlined in State v. Darkenwald, Evid.R. 607 is inapplicable because it is used when a party wants to impeach its witness with a prior inconsistent statement, which is not the case at bar. The record reveals that the state wanted to elicit testimony consistent with the witness's written statement; however, the witness was being evasive and uncooperative. The witness never directly contradicted his statement or recanted his statement; he merely refused to recall the pertinent facts contained in his original statement.
 {¶ 49} Evid.R. 607 states that the party calling the witness may impeach the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. In this case, it is clear the prosecutor expected the witness to testify consistent with his statement made to detectives. However, at trial, the witness was uncooperative and adverse towards the state and although the state was surprised, the facts do not indicate damage. The inmate's original version of his statement was not changed by his refusal to answer questions regarding Fisher's admissions. Nor was it changed by the inmate's statement that he did not want to testify in the trial or by his failure to recall details contained in his statement. Therefore, although the state was surprised, the record does not indicate affirmative damage because he did not directly contradict his statement or recant; hence Evid.R. 607 is inapplicable.
 {¶ 50} Furthermore, I would find the written statement was not properly admitted because it was not an inconsistent
statement admissible under Evid.R. 613. However, I would find that the error was harmless because the substance of the statement was properly admitted under Evid.R. 611 and the inmate eventually testified consistent with his statement. "Error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of the defendant's guilt." State v. Kimbrough (July 9, 1999), Lake App. No. CN 97-L-274, citing State v. Williams (1988), 38 Ohio St.3d 346,349-350.